UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 13 2015
Clerk, U.S. District and Bankruptcy Courts

Harry Nie, )
)
       Plaintiff, )
) Case: 1:15-cv-01312
) Assigned To : Unassigned
v. ) Assign. Date : 8/13/2015
) Description: Pro Se Gen. Civil
)
Honorable Loretta Lynch *et al.*, )
)
       Defendants. )

### MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is a Virginia state prisoner incarcerated in Mitchells, Virginia. He has submitted a complaint that essentially challenges his conviction. The Court will grant the accompanying application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Federal court review of a sentence imposed by a state court is available under 28 U.S.C. § 2254 after the exhaustion of state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district [where the sentencing court sits] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Plaintiff's recourse in habeas lies, if at all, in an appropriate court in Virginia. *See Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (finding it "well-settled that a prisoner

3

seeking relief from his conviction or sentence may not bring [ ] an action" for injunctive and declaratory relief) (citations omitted).

This Court also lacks jurisdiction to the extent that plaintiff is seeking review of the decisions of the U.S. Supreme Court and the state and federal courts in Virginia ( Compl. at 2, 4-17). *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *accord Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). *See also United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

Finally, plaintiff sues both Virginia's Governor and Attorney General in their official capacities, *see* Compl. Caption, which "in all respects other than name, [is] to be treated as a suit against the entity [state of Virginia]." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] Plaintiff has not cited any authority waiving Virginia's immunity.

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

Similarly, plaintiff sues Attorney General Loretta Lynch in her official capacity but has cited no federal authority waiving sovereign immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text").

For the foregoing reasons, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: August /6th, 2015

/s/ Beryl A. Howell
United States District Judge